UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONNIE W. FOULKS | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-263 |
| | ) | |
| HOWARD CARLTON, Warden | ) | |

# MEMORANDUM OPINION

I. **Introduction**

In 1996, Donnie W. Foulkes was convicted of second-degree murder by a jury in the Criminal Court for Greene County, Tennessee and, for this offense, was sentenced to twenty-five years imprisonment. Petitioner now brings this *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement because of that conviction.

As grounds for relief, petitioner claims: 1) that his attorney gave him ineffective assistance on direct appeal and 2) that his sentence violates his right to a jury trial under the Sixth Amendment. Respondent Howard Carlton, Warden of the Northeast Correctional Complex and petitioner's custodian, has moved for judgment as a matter of law, offering in support a brief, the state-court opinions on direct and post-conviction review, and the transcript of the post-conviction hearing. [Docs. 7 - 9]. Petitioner opposes the motion. [Doc. 12].

Respondent argues, in his motion, that petitioner is not entitled to relief from the state court decisions rejecting his claims on the merits, under the deferential standards

of review in 28 U.S.C. § 2254 . The Court agrees with respondent and will dismiss this case on that basis.

II. **Procedural History**

Following petitioner's December, 1996 conviction and sentencing, his attorney filed a motion for a new trial and, later, an amended motion. The motion was denied and petitioner, now represented by a different attorney, filed a direct appeal, raising sentencing claims only. Shortly thereafter, the Tennessee Court of Criminal Appeals denied his appeal, and, on May 12, 1999, petitioner sought post-conviction relief in the trial court. The trial court dismissed the petition, but the state appellate court found merit in petitioner's claim that he had been denied his right to appeal to the Tennessee Supreme Court. This finding was based on the fact that his attorney had neither moved to withdraw nor sought permission to appeal following the appellate court's decision on direct review. To permit petitioner to seek the review which he was denied by virtue of his attorney's inaction, the state appeals court vacated its prior order dismissing the direct appeal and reentered it to permit petitioner to seek second-tier review. The state appellate court then dismissed the post-conviction petition without prejudice.

Petitioner's application for permission to appeal to the state's highest court was unsuccessful, *see State v. Foulks*, 1998 WL 481040 (Tenn. Crim. App. Aug. 17, 1998), *perm. to app. den.*, (Tenn. 2001), and he turned once more to the trial court, seeking post-conviction relief. This time, his post-conviction pleading was dismissed as a second petition, which Tennessee law prohibits, *see* Tenn. Code Ann. § 40-30-102(c), and he again appealed the

2

dismissal. Observing that the earlier post-conviction petition had been dismissed without prejudice to the filing of the subsequent petition, the state appellate court granted the appeal. *Foulks v. State*, 2002 WL 31258012 (Tenn. Crim. App. Oct. 9, 2002).

The petition was remanded and an amended petition was filed. After an evidentiary hearing, the trial court dismissed the post-conviction case, the dismissal was affirmed on appeal, and the Tennessee Supreme Court declined further review. *Foulks v. State*, 2006 WL 1097489 (Tenn. Crim. App. Apr. 7, 2006), *perm. to app. den.*, (Tenn. 2006).

Petitioner also filed a *pro se* state petition for a writ of habeas corpus in 2005, arguing that his sentence was illegal because the judgment form was marked improperly that he must serve "100%" of his sentence. Relief was denied by the trial court and that decision was affirmed on appeal. *Foulks v. Carlton*, 2007 WL 674628 (Tenn. Crim. App. Mar. 6, 2007).

In 2006, during the pendency of the state habeas corpus proceedings, petitioner submitted this instant federal habeas corpus application.

III. **Factual Background**

On January 21, 1996, petitioner shot and killed his wife, Robin Foulks, with a shotgun while she was in bed at their home. Their three-year-old son, who was in the bed with his mother when the shooting occurred, attempted to stop her bleeding. Several hours passed before she and the child were discovered. Thereafter, petitioner was convicted of second-degree murder in connection with the killing. *State v. Foulks* 1998 WL 481940, at *1 (Tenn. Crim. App. Aug. 17, 1998).

IV. **Adjudicated Claims**

Under the review standards set forth in 28 U.S.C. § 2254(d), a district court may not grant a writ of habeas corpus for any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Both claims raised in the habeas petition will be reviewed under this standard.

   A. *Ineffective Assistance Claim*.

Petitioner asserts that his appellate attorney, Richard Pectol, gave him ineffective assistance on appeal by raising sentencing issues as the sole grounds for relief and by abandoning claims arising from his conviction. As support for his allegations of ineffective assistance, petitioner points to Mr. Pectol's testimony during the post-conviction hearing, in which he stated that he had never met with petitioner and had never discussed petitioner's right to appeal his conviction or the potential merit of any of the eighteen claims raised by the trial attorney in the motion for a new trial.

The Tennessee Court of Criminal Appeals reviewed petitioner's allegations, pointing to the two-pronged standard in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as the one to be used in evaluating claims of ineffective assistance. Noting that, under *Strickland*, counsel's decisions as to which issues to raise on appeal are generally entitled to substantial deference, the state court found that raising the sentencing claims and omitting

4

the issues raised in the motion for a new trial did not amount to a deficiency of performance. Observing that an attorney is not required to raise every issue on appeal, the appellate court stated:

> "[Petitioner] argues that appellate counsel's failure to raise 'eighteen issues of error,' contained in [petitioner's] motion and amended motion for new trial, constituted deficient appellate performance. [Petitioner] follows with the bald assertion that raising these issues on appeal "would likely have resulted in relief." [Petitioner] offers no argument, nor does he cite to any authority in support of this position of deficient performance. It is [petitioner's] burden to prove, by clear and convincing evidence, that the issues which were not raised on appeal had merit and that if they had been raised on appeal, there is a reasonable probability that the murder conviction would have been reversed. Because [petitioner] has failed to carry this burden, this issue is without merit."

*Foulks v. State*, 2006 WL 1097489, at *3.

The state court's finding that petitioner had not offered argument or cited to any authority to support his eighteen claims of a deficient performance on the part of Mr. Pectol is a finding of fact which is entitled to a presumption of correctness, unless petitioner produces clear and convincing proof to rebut it. No such proof has been offered, and that finding is presumed to be correct.

The seminal case for evaluating an ineffectiveness claim, as the state court noted, is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a two-prong test for judging ineffectiveness claims. It held that, to establish ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Id.* at 693.

5

Though the state court cited to *Strickland*'s two-pronged standard in ruling on petitioner's ineffective-assistance claim, petitioner argues that the state court should have employed the *Strickland* test, as modified by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The Supreme Court held, in *Flores-Ortega*, that an attorney who fails to file an appeal on behalf of a defendant who has specifically requested that he do so or who fails to consult with a defendant about an appeal when he knew or should have known a defendant might want to appeal acts in a professionally unreasonable manner. *Id.*, at 477. *Flores-Ortega* applies, or so petitioner contends, because the right to forego an appeal belongs to a defendant and because Mr. Pectol, by omitting any claims concerning petitioner's conviction, in effect, denied him an opportunity to appeal. However, *Flores-Ortega* is factually distinguishable from petitioner's case because the attorney in *Flores-Ortega* failed to file an appeal altogether. Though leaving out issues petitioner now contends should have been included, Mr. Pectol, in fact, filed the appeal. *Flores-Ortega* does not apply under the circumstances of this case.

Therefore, to the extent that this line of argument is intended to suggest that the state court's decision is contrary to the pertinent Supreme court precedent, it is rejected. By using the *Strickland* test, the state-court did not issue a decision contrary to a clearly settled rule in a Supreme Court case because "[i]t is past question that the rule set forth in *Strickland* qualifies as clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 390 (2000).

The question then becomes whether the state court's decision was an unreasonable application of *Strickland*. Petitioner insists that he has satisfied the deficient-performance prong in *Strickland*, as modified by *Flores-Ortega*, since the hiring of Mr. Pectol for the sole purpose of direct appeal, in and of itself, shows that petitioner reasonably demonstrated to counsel that he was interested in appealing. And, petitioner also suggests that, by hiring Mr. Pectol solely for an appeal, he "demonstrat[ed] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Thus, he maintains, hiring Mr. Pectol solely to appeal also satisfies the prejudice component. As did the previous *Flores-Ortega*-based arguments, this one also misses the mark. As the earlier discussion reflects, the *Flores-Ortega* decision does not apply in the context of petitioner's case

This Court now concludes that the state court's presumptively-correct finding that petitioner did not offer argument or cite to any authority to support his eighteen claims of a deficient performance, coupled with its conclusion that petitioner's bald allegation that raising the issues would "likely have resulted in relief" did not show that the omitted claims had merit, supports the conclusion that the state court did not unreasonably apply *Strickland* in finding no prejudicial performance on Mr. Pectol's part. *Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) (*as amended* July 7, 2008) ("No prejudice flows from the failure to raise a meritless claim"); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999) ("[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues").

Because petitioner has not cited to any *relevant* legal rule in a Supreme Court case to demonstrate that the state court's resolution of the ineffective-assistance claim was either contrary to or an unreasonable application of *Strickland*, that decision may not be disturbed.

B. *Apprendi/Blakely* Error.

In this claim, petitioner maintains that his sentence was lengthened based on facts not determined by a jury or proven by the prosecution beyond a reasonable doubt. This, he argues, violates his Sixth Amendment jury-trial right, as explained in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).[1]

When petitioner raised this issue on appeal, the state appeals court determined that the application of the sentencing factors did not violate state law. When it was carried to the state appeals court during petitioner's post-conviction appeal, that court relied on a Tennessee Supreme Court decision to find that *Blakely* did not apply to the state's sentencing law, did not announce a new rule and should not be employed retroactively to a final conviction. Ultimately finding no merit in his claim that using the enhancement factors to increase his sentence violated *Blakely*, the court rejected the claim.

Petitioner's challenge to the enhancement of his sentence on direct appeal concerns purely an issue of state law. As such, it is not cognizable in federal habeas corpus

---

[1] *Apprendi*, held that, with the exception of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be found by a jury beyond a reasonable doubt. *Id.* at 490. In *Blakely*, the Supreme Court applied *Apprendi* to Washington state's sentencing law.

proceedings, *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988), unless the alleged error simultaneously denies fundamental fairness and due process of law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The error alleged in this claim does not rise to a constitutional level and, hence, the Court lacks jurisdiction to review the claim raised on direct appeal. *See* 28 U.S.C.§ 2254(a) (habeas corpus relief is appropriate only for constitutional violations); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

The claim raised in the post-conviction proceedings is different. As petitioner correctly points out in his Notice of Supplemental Authority [Doc. 21], the Tennessee Supreme Court decision relied upon by the state appeals court in disposing of his post-conviction appeal is no longer good law. Indeed, contrary to the holding in that case, *Blakely* does apply to the state's sentencing structure. *See State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005), *vacated and remanded*, *Gomez v. Tennessee*, 127 S. Ct. 1209 (2007), *on remand*, *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007). Yet, even though the appellate court's determination that *Blakely* does not apply to Tennessee's sentencing scheme was shown subsequently to have been incorrect, this does not help petitioner. This is so because petitioner has failed to cite to Supreme Court precedent showing that *Blakely* is a new rule which is to be applied retroactively to cases on collateral review (as is this one) and because the state court's retroactivity determination has not been undercut by later authority. In fact, the Supreme Court expressly has declined to decide whether *Blakely* announced a new rule,

9

and if so, whether it applies retroactively to collateral review cases. *Burton v. Stewart*, 549 U.S. 147, __, 127 S.Ct. 793, 794 (2007) (per curiam).

Petitioner qualifies for habeas corpus relief by showing that the state court's adjudication resulted in a decision which is either contrary to or an unreasonable application of a clearly established rule in a Supreme Court case or is grounded on an unreasonable factual determination. This claim does not pass any of these tests. *See Vieux v. Pepe*, 184 F.3d 59, 63 (1st Cir.1999) ("If no Supreme Court precedent is dispositive of a petitioner's claim, then, a fortiori, there is no specific rule to which the state court's decision can be 'contrary.'"). Accordingly, a writ will not issue with respect to the *Apprendi/Blakely* claim.

V. **Conclusion**

Petitioner is entitled to no relief with respect to his claims. Therefore, respondent's motion for judgment as a matter of law will be **GRANTED** and the petition will be **DISMISSED**. Furthermore, his motion for appointment of counsel will also be **DENIED**. [Doc. 20].

VI. **Certificate of Appealability**

Finally, the Court must decide whether to issue a certificate of appealability (COA). Petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural ruling or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000). The Court has found, after an examination of the record and the relevant governing law in

Supreme Court cases, that petitioner's claims lacked merit and a sub-claim was not cognizable in federal habeas proceedings.

The Court now finds that reasonable jurists could not disagree with the resolution of these claims and could not conclude that they "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE